Second case on the calendar. Son v. Mashantucket Pequot Okay. Let's begin. Mr. Vining. May it please the court. My name is Marvin Vining. I represent the appellants in this case. These are three green card nationals. Charles, John, and John Chung-Yen Sung, Luo Mei-Fang, and Zeng Yang Li. And my clients are green card nationals. What does that mean? They're residents of the United States by way of green card. Chinese nationals. I'm sorry. I meant to say they're Chinese nationals and green card residents. Essentially I'm asking the court to follow the Ninth Circuit precedent of Pister v. Garcia as decided June 30th, 2015. It's mentioned in the briefs. The interesting thing about Pister is... Yes, I will, Your Honor. Well, what happened in the case is I associated local counsel, Sebastian DeSantis of New Haven, and his office was supposed to take care of the personal service issues. I believe process were served by way of mail, but what happened is his office manager didn't file the returns. Now, we have a real problem with this. We filed for excusable neglect with the court, but what some of the defendants were claiming, particularly the tribal defendants, is that according to tribal law, they were entitled to be served personally, not by mail, which we think is a circular argument because it brings in the issue of sovereign immunity, which ultimately the district court ruled was the point of the case should be dismissed in the first... I'm sorry? No, Your Honor, we did not. Now, the problem was, like I said, we believe the... If they weren't served and you didn't contest that, what do you want us to do? Well, we assert that they... The problem is this. If we had merely served process again, the defendants would have raised the issue of res judicata because when we filed a motion for excusable neglect, the court said the case wouldn't have prevailed anyway, and they cited sovereign immunity issues. Had we simply filed process again, we would have been out of court by res judicata. The court's reasoning was, and they applied the sovereign immunity argument in denying our motion to set aside the... There was no service, so there was no jurisdiction, right? And you think you're bound by a ruling that says even though there's no jurisdiction, is that what you're saying? That's the court's ruling. The court said in its ruling it could have cured our process issue, sua sponsae, had it wanted to. And he thought you'd run into another defense. Right, but the court didn't... And you disagree with that. Well, we disagree with the issue. Why didn't you serve and then come here and tell us he was wrong on the second ground? Like I said, Your Honor, we would be out of court for res judicata. The court said ultimately, and I can... Why would you be out of court on res judicata in a case where the court had no jurisdiction because there was lack of service? It's our argument that the service issues had to do with tribal law, which is a sovereign immunity argument also. You didn't serve under any theory. Well, I don't believe that's true. You did serve? I believe we did serve. It's just that the returns were inexecutive. When you were challenged for lack of service, why didn't you file a brief and say so? Well, we tried to, Your Honor. One of the problems... You tried? You were prevented from filing a brief? Yes, if I may explain. One of the problems, like I said, Co-Counsel had issues with his office. No. Who prevented you from filing a brief? Well, the district court in part because I was denied Pro Hoc Vici admission to the court. I couldn't act myself to... You had local counsel? I had local counsel. How was local counsel prevented from filing a brief? That's what you said. We had issues with his office manager. We filed for... Well, that's not the court preventing. Well, we filed a... You said to us the court prevented you from filing a brief. Prevented me, yes. Prevented your side of the case, the parties. It prevented me. Your Honor, if I may, 30 years ago when I began practicing law, when you practiced in a foreign jurisdiction, Pro Hoc Vici, you didn't have to obtain local counsel. That's one of the problems I ran into in that. So now you do, and you had local counsel, and you've represented to this court this morning that the court prevented your side from filing a brief, and all I'm asking is tell us what the court did that supports that statement. Personally, I was unable to file anything. You, but not your side, not your clients, right? Yes, Your Honor. So your statement is unsupportable, is that right? No, I don't agree. Well, then tell me again. What did the court do to prevent your local counsel representing your parties from filing a brief? When we filed a motion for excusable neglect, the court turned us down. And if I may, I'm quoting the court here, although plaintiff's excusable neglect argument is tenuous at best, where do you find that? This is my brief, Your Honor, page 8. I'm sorry? It was in the motion for reconsideration. Okay, Your Honor. Yes, Your Honor, and I think we addressed it in our motion to set aside that order in our motion for excusable neglect. But the problem is I'm reading it here, and, you know, we could have simply served process again at that point. But here's what the court said specifically. This is my brief I'm reading from, page 8. But the court told us not to bother to file process again because it would never – if I may, it says because the court ultimately concludes a plaintiff do not possess a meritorious claim. Thus, the court does not decide whether the circumstances on justifying a relief based on plaintiff's excusable neglect. Excusable neglect was the least of the court's worries at that point because they concluded ultimately sovereign immunity is the reason for the dismissal. But you disagree with that, right? I'm sorry? Do you disagree with that? I believe the court concluded that the reason it didn't – Don't you disagree with that statement of the court's? No, I don't disagree. I disagree with the sovereign immunity ruling of the court, yes. Why didn't you serve, start your case, if she ruled against you on that immunity point, then come here and argue that point? I don't understand this kind of lawyering. Well, Your Honor, I didn't see that we had much choice. The court was very clear in its ruling. It listed a detailed ruling of sovereign immunity. In fact, I had raised these sovereign immunity issues in the complaint. That's the choice you had. Nobody prevented you from serving them. You didn't do it. It seems superfluous, Your Honor. We already had a ruling on the sovereign immunity argument. Your Honor, the process issues we had were related to sovereign immunity anyway. In ruling on the sovereign immunity issues – well, most of them, yes. They had tribal directives as to how a process should be served. But I don't – maybe you don't understand. If you had served them, and even if the court had said that service is no good because of some Indian law sovereign immunity, then you would have come here challenging that ruling. But you didn't do that. You just said, oh, I'm out of luck, I'm sorry, I'm out of luck. That's not the way to present a case to an appellate court. Well, Your Honor, we believe we had a final ruling upon which to base appeal because – Well, you had a final ruling, all right, but if the ruling was you didn't make service. Well, yes, Your Honor, but the court has much said in its motion denying excusable neglect, don't bother, because you're not going to succeed anyway. I never said don't bother. Don't tell me that. That's not in the record that the court said don't bother. You've reserved two-and-a-half minutes. Thank you. Let's hear from Ms. Conway. May it please the Court, Elizabeth Conway representing the Tribal Defendants, Mashantucka Pequot Gaming Enterprises, as well as all the individual defendants except Officer Robinson. Your Honors, as the Court has pointed out, the issue is very limited before the Court today. It is on the June 1st judgment and whether Chief Judge Hall properly dismissed for lack of service of process. The only thing I'd like to address from the argument, because I think everything else is fully laid out in our brief, unless the Court has questions, is the issue of tribal law. And as we point out in our brief, there was no service made in any way, under any form. There were no waivers of service. There was nothing done. So unless the Court has questions for me on other issues, we believe the issue is very narrow before the Court. Chief Judge Hall properly dismissed based on the record before her. She actually didn't have a choice but to dismiss based on the record before her. And this Court should affirm that decision of Chief Judge Hall. And you're referring to the judgment that was entered on June 1st? That is correct, Your Honor. And as Judge Newman has pointed out, nothing else is before this Court at this time. No appeal was taken from the motion to set aside. So this Court is limited to reviewing that judgment and that judgment only. Based on the record before the Court, there was no other choice for the judge at that point. Thank you. Thank you. Mr. Vining has reserved some time. Who is that co-defendant? I'm sorry, the co-defendant, of course. Mr. Sarnofsky. Representing the State, I suppose. Representing the State of Connecticut, Connecticut State Police Detective Michael Robinson, in this case. Our interests are very similar to those of the tribal defendants. I have very little to add to that point. Just to note two things, Your Honor. The service of process by mail, which was made and given actual notice to Detective Robinson, does not satisfy the requirements of Federal Rules of Civil Procedure, Rule 4. There is a standard procedure, Connecticut State law pretty much mirrors it, and it was not followed in this particular case. And second of all, the point with regard to tribal sovereign immunity has nothing to do with Detective Robinson. Whatever the results of that argument may have been, Detective Robinson's issue is one of service of process, which was simply not done in accordance with the Federal Rules of Civil Procedure, unless Your Honors have other questions concerning this defendant and the rest. Thank you. Thank you, sir. We'll hear from Mr. Vining. Yes, Your Honor. As counsel opposite has pointed out, there were two rulings in this case. The one is a dismissal based on service of process. The second was a dismissal based on – the second was a denial of our motion for excusement with that to set aside the first order. Counsel has argued that – There's no question that it's the June 1 judgment. That's the judgment that's being appealed here. Well, Your Honor, if you look at the second order, it merely explained why the court dismissed the first time. And it does say sovereign immunity. It mentions it explicitly and emphatically. As again I quote, because the court ultimately concludes a plaintiff does not possess a meritorious claim. I point out the court could have solved these process issues had it wanted to sui sponte, but it chose not to because it didn't feel we had a meritorious claim. The court doesn't solve lack of service of process. Lawyers do. Your Honor, had we served process again, we would have erased you to kind of issue. I believe that – They would have come here and said she was wrong. I believe the issue is properly before the court on sovereign immunity. We raised this issue in the complaint. This issue was there all along. We briefed it – we pre-briefed it by raising it in the complaint. We were closely watching the analogous case of Pistor v. Garcia, which is factually identical to this case in virtually every respect. You're not admitted to the bar of the district court, is that right? No, Your Honor. Where are you admitted? Mississippi. You admitted to the federal court there? I'm admitted to the federal court there, Your Honor. Here? Fifth Circuit. You're admitted to the Second Circuit? I'm admitted – Don't knock on it. I see. Okay. Have you anything further? All right, thanks very much.